**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOROUGH OF CARTERET**, a body corporate and politic, State of New Jersey, | |
| Plaintiff, | Civil Action No. 17-13204 (ES) (MAH) |
| v. | MEMORANDUM |
| **CONSOLIDATED RAIL CORPORATION**, | |
| Defendant. | |

SALAS, DISTRICT JUDGE

The Court writes primarily for the parties and assumes their familiarity with the factual allegations and procedural history. Briefly, this case arises from Plaintiff Borough of Carteret's (the "Borough" or "Carteret") claim that Defendant Consolidated Rail Corporation ("Conrail") improperly denied the Borough access to Conrail's property (the "Property") to conduct certain investigations. (*See generally* D.E. No. 1-1 at 8-15 ("Compl.")).[1] In particular, the Borough's state-court complaint alleges that its "consultants and experts require access and entry onto the Property for the purpose of making studies, surveys, tests, soundings, borings, appraisals and examinations pursuant to [certain New Jersey statutes], and so that the Borough can make informed decisions regarding the condition of the Property, . . . the existence of environmental contamination and the estimated costs of remediation, and any other information relevant to the acquisition and development of the Property." (*See id.* at 13). "[T]he Borough demands

---

[1] For ease of reference, the cited page numbers in docket-entry citations in this Memorandum correspond to those generated by the Court's ECF system.

- 1 -

judgment in its favor granting the right to access the Property and such other relief as the Court deems just and equitable." (*Id.* at 15).

Conrail removed this matter from state court, asserting subject matter jurisdiction under both 28 U.S.C. §§ 1331 and 1332. (*See* D.E. No. 1-1 at 2-3 ("Removal Notice")). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).[2] "A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Id.* at 77. Having done so in this matter, the Court finds this action must be REMANDED to state court for the reasons below.

## I. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1331). And, "to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Id.* (citing 28 U.S.C. § 1332). "To ensure that diversity

---

[2]  *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative . . . ."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)).

- 2 -

jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.*

Under 28 U.S.C. § 1441(a), a defendant may remove a state-court civil action to a federal court that has original jurisdiction over the action. But a removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (internal quotation marks and citation omitted). In fact, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand" because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

## II.     Neither Diversity Jurisdiction nor Federal-Question Jurisdiction Exists Here

*First*, Conrail invokes diversity jurisdiction because there is complete diversity between the parties and the amount in controversy purportedly exceeds $75,000. (Removal Notice ¶¶ 5-11). As here, when a plaintiff's state-court complaint "does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 § 1446(c)(2)(A)). And, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, *or the court questions*, the defendant's allegation." *Id.* at 554 (emphasis added).[3] Further, like here, "[w]here the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable. Under those circumstances, the amount in controversy is determined by the value

---

[3]     *See also* Fed. R. Civ. P. 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

- 3 -

of the object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (internal quotation marks and citations omitted); *see also In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.").

The issue here is the jurisdictional amount in controversy. In its removal notice, Conrail alleges that the requisite amount in controversy is met because the Borough "seeks Judgement authorizing it to enter upon and interfere with Conrail's property, pursuant to its 'authority to condemn' Conrail's property." (Removal Notice ¶¶ 10-11). After removal, the Court held a telephonic conference to, among other things, inquire how the amount-in-controversy is sufficient to confer diversity jurisdiction. Conrail was then required to come forward with *evidence*—which it was provided an opportunity to do—showing that the jurisdictional amount in controversy is met. *See, e.g., Truglio v. Planet Fitness, Inc.*, No. 15-7959, 2017 WL 3595475, at *3 (D.N.J. Aug. 21, 2017) ("When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied.") (citation omitted).

But Conrail has failed to do so. It avers only that "the value of the property at issue and the value of an injunction, which ultimately seeks condemnation of Conrail's property, exceeds the amount in controversy" requirement. (D.E. No. 3 at 11). It asserts that the "issue here is the value of Conrail's property," and "[t]he value of Conrail's property—to the Borough or to Conrail—exceeds the amount in controversy." (*Id.* at 12-13).

It is simply unclear how such attorney argument from a removing party establishes—by a preponderance of the evidence—subject matter jurisdiction. *See Goldberg v. Healthport*

- 4 -

*Technologies, LLC*, No. 14-2810, 2014 WL 3749210, at *4 (D.N.J. July 30, 2014) ("Defendant has not submitted facts sufficient for the Court to analyze whether the jurisdictional threshold is reached and so has not met its burden.") (citations omitted). Moreover, Conrail's characterization that the Borough seeks an injunction condemning the Property (*e.g.*, D.E. No. 3 at 11-13) is puzzling because the Borough's complaint seeks *access*—not condemnation—to conduct certain investigations (*see* Compl. at 10, 13-16).[4] Conrail's conflation of this distinction confirms for this Court that it has failed to meet its burden of showing the jurisdictional amount in controversy exists here. *Cf. Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("Defendant's suspicion that Plaintiff's claims may be worth more than the jurisdictional amount falls far short of establishing by a preponderance the Court's subject-matter jurisdiction."); *Valerio v. Mustabasic*, No. 07-0534, 2007 WL 2769636, at *4 (D.N.J. Sept. 21, 2007) ("[A] removing party must provide more than tenuous inferences and assumptions about the amount in controversy to satisfy its burden.").[5] As such, the Court finds that Conrail has failed to meet its burden of showing the requisite amount in controversy and, therefore, jurisdiction cannot be premised on 28 U.S.C. § 1332.

***Second***, Conrail claims this Court has federal-question jurisdiction because, based on the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101, *et seq.* (the "ICCTA"), the Borough's "cause of action is completely preempted by federal law." (*See* Removal Notice ¶

---

[4] Indeed, Conrail's removal notice says as much: "The Borough of Carteret seeks Judgement authorizing it to enter upon and interfere with Conrail's property, pursuant to its 'authority to condemn' Conrail's property, in connection with a redevelopment plan that includes Conrail's property." (Removal Notice ¶ 10).

[5] To be sure, the Borough's allegations suggest that it is a prospective condemnor of the Property. (*See, e.g.*, Compl. at 10, 13). And, as set forth in the Borough's pre-suit letter to Conrail, "the Borough's intention is to construct a bicycle circulation path around the Borough, including over a portion of the property currently occupied by the Conrail line." (*See* D.E. No. 1-1 at 34). But Conrail nevertheless fails to provide: (1) a basis in law or fact supporting that this is actually a condemnation action despite the relief requested by the Borough and, in any event, (2) the valuation of the Property. Thus, it falls short of meeting its burden. *See Dorley v. Save-A-Lot*, No. 16-4510, 2016 WL 6213074, at *4 (E.D. Pa. Oct. 25, 2016) ("The Court cannot substitute Defendants' expectations—nor its own assumptions—for the evidence necessary to support federal jurisdiction.").

12). "A complaint without a federal question presented on its face is beyond the power of a federal court to adjudicate, and a defendant may not circumvent this requirement by asserting a federal defense, such as preemption, to the complaint." *Williams v. Navient Solutions, LLC*, No. 17-6509, 2017 WL 3784039, at *1 (D.N.J. Aug. 31, 2017). "[T]he question of whether the [federal statute] is preemptive of state law claims as an affirmative defense is a question distinct from whether it is completely preemptive of state law and thus sufficient to justify removal despite the absence of a federal question on the face of the complaint." *Id.* at *2. "Only in relatively rare circumstances, where 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' does preemption warrant federal question jurisdiction on removal." *Id.* at *1 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).[6]

Here, Conrail contends "that condemnation of rail road property is preempted by the ICCTA." (D.E. No. 3 at 14). Its preemption argument thus assumes that the Borough's complaint seeks "condemnation or eminent domain of railroad property." (*See id.* at 15). But as discussed above, this is not what the Borough's state-court complaint seeks. Further, Conrail fails to advance any argument that seeking entry and access pursuant to state law (like the Borough's complaint aims to do) is completely preempted by the ICCTA. *See Williams*, 2017 WL 3784039, at *1 ("For Defendant to remove properly, it bears the burden of showing the [federal statute] not only preempts, but *completely* preempts any and all state law claims relating to the [federal statute].") (emphasis in original). Nor does it appear that Conrail could. *See, e.g., Christensen v. BNSF Railway Co.*, 242 F. Supp. 3d 1186, 1191-93 (D. Kan. 2017) (concluding that "the ICCTA does not completely preempt plaintiffs' claim for an injunction"); *Shupp v.*

---

[6] *See also Johnson v. NBC Universal, Inc.*, 409 F. App'x 529, 531 (3d Cir. 2010) ("Under the doctrine of complete preemption, Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.") (internal quotation marks and citation omitted).

*Reading Blue Mountain*, 850 F. Supp. 2d 490, 496 (M.D. Pa. 2012) ("The Defendant has not provided, and the Court is not aware . . . of any binding authority that indicates that the ICCTA presents complete preemption of state law. In fact, the reported cases weigh heavily against this proposition.") (internal quotation marks and citation omitted). Accordingly, the Court finds that Conrail has failed to show that removal is proper based on the complete-preemption doctrine and, therefore, jurisdiction cannot be premised on 28 U.S.C. § 1331.

### III.  The Court Must Remand this Action to State Court

"A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." *Martin*, 709 F. Supp. 2d at 346 (quoting Wright & Miller, 13 Fed. Prac. & Proc. Civ. § 3522 (3d ed. West 2010)). As noted, 28 U.S.C. § 1441 "is strictly construed, requiring remand if any doubt exists over whether removal was proper"—and "[t]he party seeking removal carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

Mindful of these precepts and the burden Conrail carries as the removing party, the Court cannot find the amount in controversy here exceeds $75,000 to confer jurisdiction under 28 U.S.C. § 1332 or that complete preemption exists to confer jurisdiction under 28 U.S.C. § 1331. Consequently, the Court remands this matter to state court consistent with the accompanying Order.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**